JKM

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Patrick Champion,  )   No. CV 1-08-1503-ROS
      Plaintiff,  )   **ORDER**
vs.  )
Dennis Smith, et al.,  )
      Defendants.  )

      Patrick Champion, who is confined in the United States Penitentiary in Tucson, Arizona,[1] has filed a *pro se* civil rights Complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (Doc. #1.) The Court will dismiss the Complaint with leave to amend.

**I.    Statutory Screening of Prisoner Complaints**

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

---

[1] When he originally filed this action, Plaintiff was confined in the United States Penitentiary in Adelanto, California.

JDDL

1 | be granted, or that seek monetary relief from a defendant who is immune from such relief.
2 | 28 U.S.C. § 1915A(b)(1), (2).

3 |     A pleading must contain a "short and plain statement of the claim *showing* that the
4 | pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not
5 | demand detailed factual allegations, "it demands more than an unadorned, the-defendant-
6 | unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).
7 | "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
8 | statements, do not suffice." Id.

9 |     "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
10 | claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly,
11 | 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content
12 | that allows the court to draw the reasonable inference that the defendant is liable for the
13 | misconduct alleged." Id. "Determining whether a complaint states a plausible claim for
14 | relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial
15 | experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual
16 | allegations may be consistent with a constitutional claim, a court must assess whether there
17 | are other "more likely explanations" for a defendant's conduct. Id. at 1951.

18 |     If the Court determines that a pleading could be cured by the allegation of other facts,
19 | a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
20 | action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
21 | should not, however, advise the litigant how to cure the defects. This type of advice "would
22 | undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
23 | 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
24 | required to inform a litigant of deficiencies). Plaintiff's Amended Complaint will be
25 | dismissed for failure to state a claim, with leave to amend because the Amended Complaint
26 | may possibly be saved by amendment.

27 |     Rule 8(a) of the Federal Rules of Civil Procedure requires a "short and plain statement
28 | of the claim." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) states that "[e]ach allegation must be

1  simple, concise, and direct." A complaint having the factual elements of a cause of action
2  scattered throughout the complaint and not organized into a "short and plain statement of the
3  claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr.
4  Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172 (9th Cir.
5  1996). Rule 10(b) of the Federal Rules of Civil Procedure also requires a plaintiff to state
6  claims in "numbered paragraphs, each limited as far as practicable to a single set of
7  circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each
8  claim founded on a separate transaction or occurrence . . . must be stated in a separate count."
9  Fed. R. Civ. P. 10(b). It is not the responsibility of the Court to review a rambling narrative
10 in an attempt to determine the number and nature of a plaintiff's claims.

## II.  Complaint

Plaintiff's Complaint as presented to the Court does not state a cognizable claim for relief. The pages between page 2 and page 5a are missing. The missing pages appear to be the pages that would have set forth Plaintiff's factual allegations against the Defendants. Accordingly, the Court will dismiss the Complaint with leave to amend.

Within 30 days, Plaintiff may submit a first amended complaint on the form provided with this Order. If Plaintiff fails to use the form provided with this Order, the Court may strike the first amended complaint and dismiss this action without further notice to Plaintiff. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the form provided with this Order and may not incorporate any part of the prior pleadings by reference.

Plaintiff must comply with the instructions provided with the form. Plaintiff should pay close attention to the instructions provided with the form. If Plaintiff fails to comply with the instructions provided with the form, the Court may strike the first amended complaint and dismiss this action without further notice to Plaintiff. Among other requirements contained in the instructions, Plaintiff must provide information in a first amended complaint regarding the Court's jurisdiction and the defendants, and he must divide

his lawsuit into separate counts. In each count, Plaintiff must identify the federal constitutional civil right allegedly violated, check the box for the issue most closely involved, state how each defendant participated in the alleged violation at issue, explain how Plaintiff was injured by the alleged violation, and mark whether Plaintiff exhausted any available administrative remedies. Plaintiff must repeat this process for each civil rights claim. Plaintiff may allege only one claim per count.

An amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the prior complaints as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original or first amended complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**III.    Motion for Release of Information**

Plaintiff has also filed a motion seeking an order compelling Defendants to provide him with information regarding the inmates that were on his range when the events giving rise to his Complaint occurred. The motion will be denied as procedurally improper and premature. Plaintiff may seek discovery from Defendants in accordance with the Federal Rules of Civil Procedure only after they have been served and appeared in this action.

**IV.    Warnings**

    **A.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

C.  **Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)  Plaintiff's Motion for Order Demanding Release of Information and FBI Investigation (Doc. #11) is **denied**.

(2)  The Complaint (Doc. #1) is **dismissed** for failure to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(3)  If Plaintiff fails to file a first amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice.

(4)  The Clerk of Court must send Plaintiff a copy of the form for filing a civil rights complaint by a prisoner provided with this Order.

DATED this 31st day of August, 2009.

Roslyn O. Silver
United States District Judge