IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Patrick Champion, | No. CV-08-01503-ROS |
| Plaintiff, | **ORDER** |
| vs. | |
| Dennis Smith, et al., | |
| Defendants. | |

Plaintiff filed a motion to appoint counsel (Doc. 25). Plaintiff states he is not as versed in the law as defendants, will be unable to properly secure depositions from witnesses due to incarceration of himself and witnesses, and there is a "very real" possibility this "will go to trial."

There is no constitutional right to appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved.

1  *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching
2  a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

3  Having considered both elements, the Court finds there are not exceptional
4  circumstances requiring the Court to appoint counsel in this case.

5  **IT IS ORDERED** Plaintiff's motion to appoint counsel **(Doc. 25)** is **DENIED**.

6  DATED this 3rd day of June, 2011.

_____
Roslyn O. Silver
Chief United States District Judge