IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Patrick Champion, | ) | No. CV-08-1503-ROS(PC) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Dennis Smith, et al., | ) | |
| Defendants. | ) | |

## I.     Motion to Appoint Counsel

Plaintiff filed a second motion to appoint counsel (Doc. 33). Plaintiff states he is not versed in the law, and he needs knowledgeable counsel to assist him in

There is no constitutional right to appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court may request an attorney to represent any person unable to afford one. 28 U.S.C. § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issue involved. *Id.* "[N]either of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

1986)).

Having considered both elements, the Court finds there are not exceptional circumstances requiring the Court to appoint counsel in this case.

## II.     Motion for Production

Plaintiff filed a "Petition to Force Production of Name and Whereabouts" of Lt. Gonzales "who was in charge of the S.H.U. and [Plaintiff's] extraction the night of [Plaintiff] being attacked." (Doc. 39). Plaintiff will have an opportunity to conduct discovery if his case survives the pending motion to dismiss. At that time, Plaintiff can serve discovery requests, such as interrogatories and requests for production, on defendants through their counsel. At this time, Plaintiff's motion is an inappropriate discovery request. It will be denied.

## III.    Motion to Dismiss Warning

Defendants have filed a Motion to Dismiss (Doc. 37) pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff must file a response by the date set forth in this Order, or Defendants' Motion to Dismiss will be granted and Plaintiff's case will be closed.

### NOTICE--WARNING TO PLAINTIFF

### *THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]*

Defendants' Motion to Dismiss seeks to have your case dismissed for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a). A motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure will, if granted, end your case. When deciding a motion to dismiss for failure to exhaust, the Court may consider evidence beyond your complaint, including sworn declarations and other admissible documentary evidence. Moreover, if Defendants produce admissible evidence demonstrating that you failed to exhaust available administrative remedies, your complaint will be dismissed without prejudice unless your response to Defendants' Motion includes admissible

---

[1]  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

- 2 -

1  evidence sufficient to show that you exhausted all available administrative remedies or that
2  no administrative remedies were available to you. Types of admissible evidence may include
3  copies of your grievances, grievance responses and sworn declarations.
4      You must timely respond to all motions. The Court may, in its discretion, treat your
5  failure to respond to Defendants' Motion to Dismiss as a consent to the granting of that
6  Motion without further notice, and judgment may be entered dismissing this action without
7  prejudice. *See Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).
8      **IT IS ORDERED** that Plaintiff may file a response to Defendants' Motion to
9  Dismiss, together with copies of grievances, sworn declarations or other admissible evidence,
10 no later than October 31, 2011.
11     **IT IS FURTHER ORDERED** that Defendants may file a reply within 15 days after
12 service of Plaintiff's response.
13     **IT IS FURTHER ORDERED** that the Motion to Dismiss will be deemed ready for
14 decision without oral argument on the day following the date set for filing a reply unless
15 otherwise ordered by the Court.
16     **IT IS ORDERED** Plaintiff's motion to appoint counsel **(Doc. 33)** is **DENIED**.
17     **IT IS ORDERED** Plaintiff's "Petition to Force Production" **(Doc. 39)** is **DENIED**.
18 DATED this 27th day of September, 2011.

Roslyn O. Silver
Chief United States District Judge