IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Patrick Champion,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Dennis Smith, et al.,<br><br>　　　　Defendants. | No. CV-08-01503-ROS(PC)<br><br>**ORDER** |

Pending before the Court is Defendants' motion to dismiss. (Doc. 37). For the reasons below, the motion will be granted.

**BACKGROUND**

Plaintiff is an inmate in the custody of the Federal Bureau of Prisons ("BOP"). Plaintiff's Second Amended Complaint ("SAC") alleges Eighth Amendment claims for deliberate indifference and excessive force. The deliberate indifference claim alleges Defendant Gonzales handcuffed Plaintiff and did nothing while Plaintiff's cellmate assaulted him. The excessive force claim alleges Defendant Schwartz lifted Plaintiff's handcuff chain causing him pain. Defendants move to dismiss for failure to exhaust administrative remedies.

**ANALYSIS**

Administrative exhaustion is a defense which "should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion" rather than a motion for

1  summary judgment. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding
2  a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond
3  the pleadings and decide disputed issues of fact." *Id.* at 1120. If the court finds the plaintiff
4  has failed to exhaust, "the proper remedy is dismissal of the claim without prejudice." *Id.*

5  Under the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be
6  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law,
7  by a prisoner confined in any jail, prison, or other correctional facility until such
8  administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Porter v.*
9  *Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all
10 inmate suits about prison life, whether they involve general circumstances or particular
11 episodes, and whether they allege excessive force or some other wrong."). "[P]roper
12 exhaustion" requires "complet[ing] the administrative review process in accordance with the
13 applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

14 The BOP has an administrative remedy procedure through which inmates can seek
15 review of a complaint regarding any aspect of his imprisonment. *See* 28 C.F.R. § 542.10 -
16 542.19; (Doc. 37 at 5). If an inmate cannot resolve his complaint informally, he must file an
17 Administrative Remedy Request, called a BP-9, to the Warden. If dissatisfied with the
18 response, the prisoner may submit an Administrative Remedy Appeal, called a BP-10, to the
19 Regional Director. If dissatisfied with the result, the prisoner may file an Administrative
20 Remedy Appeal, called a BP-11, with the General Counsel. Administrative exhaustion is
21 complete when the General Counsel rules on the BP-11. A prisoner may only file a lawsuit
22 in District Court after exhausting these procedures. 42 U.S.C. § 1997e(a).

23 Plaintiff filed a BP-9 grievance regarding the deliberate indifference claim, in which
24 he alleged he was assaulted by his cellmate while Defendant Gonzales stood outside his cell.
25 Plaintiff also alleged his cellmate stole or destroyed his Phone Access Card ("PAC"), and
26 used his PAC to transfer funds out of Plaintiff's commissary account. Plaintiff requested his
27 destroyed and stolen property be replaced. (Doc. 37, at 6). The Warden partially granted
28 Plaintiff relief by issuing him a new PAC and restoring funds to his account. (*Id*).

On May 15, 2008, Plaintiff filed a BP-10 appeal to the BOP's Western Region. The appeal was rejected because Plaintiff failed to submit a copy of his BP-9 grievance. He was given 15 days to refile his appeal. (*Id.*). Plaintiff refiled, and the Regional Director denied the BP-10 appeal. (*Id.* at 7). Plaintiff never appealed the Regional Director's decision by filing a BP-11 with the Office of General Counsel. Accordingly, Plaintiff failed to properly exhaust his administrative remedies, and his deliberate indifference claim must be dismissed.[1]

Plaintiff failed to file any grievance with regard to the excessive force claim. (*Id.* at 9-10). As such, this claim must also be dismissed for failure to exhaust.

In his response to the motion to dismiss,[2] Plaintiff argues the BOP "in effect 'ended' the Grievance procedure" by denying Plaintiff's separate Federal Tort Act Claim . (Doc. 47, at 1). However, "the exhaustion requirements under the PLRA and the Federal Tort Claims Act ["FTCA"] are separate and distinct, and the satisfaction of one does not constitute satisfaction[] of the other." *Dorsey v. Rubiola*, 2009 WL 4928061, at *6 n.10 (S.D. Miss. Dec. 18, 2009); *see also* 28 C.F.R. §§ 543.30 *et seq*. (setting forth procedures for filing tort claim with the BOP); *Lopez-Heredia v. Univ. of Texas Medical Branch*, 240 Fed. Appx. 646, 647 (5th Cir. July 6, 2007) ("The BOP's FTCA claims procedure is separate from the BOP's administrative remedies procedure."); *Smith v. United States*, 2011 WL 4591971, at * 4 (E.D.

---

[1] Nearly one year after Plaintiff filed this lawsuit, Plaintiff filed another BP-9 grievance seeking dentures to fix the damage caused by the alleged assault by his cellmate. This grievance was appealed through a BP-11. Plaintiff was informed he was next on the waiting list for dentures. (*Id.* at 7-8). This second grievance sought a remedy for the alleged lack of dental care in the year following the assault, not the assault itself. More importantly, under 42 U.S.C. § 1997e(a), a claim must be dismissed where it was filed prior to exhaustion of the prison grievance remedies. A prisoner cannot avoid dismissal for failure to exhaust by exhausting remedies during his action. *McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002).

[2] On December 1, 2011, Plaintiff claimed he had not received his property after being transferred out of the custody of the BOP. (Doc. 45). On January 5, 2012, the Court ordered Defendants to respond to Plaintiff's claim. (Doc. 46). However, on January 12, 2012, Plaintiff filed his Response, in which he acknowledged receiving his property. (Doc. 47).

Ky. Sept. 30, 2011) ("The FTCA, which concerns both prisoners and non-prisoners, has its own exhaustion process which is completely separate from and independent of the BOP's four-step administrative process . . . that an inmate must follow to exhaust a *Bivens* claim.").

The exhaustion requirement of the PLRA, not the FTCA, applies here. The PLRA's exhaustion requirement is not met by exhausting an FTCA claim. *See, e.g.*, *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) ("Macias . . . cannot satisfy the PLRA's exhaustion requirement solely by filing . . . administrative tort claims"); *Steele v. Federal Bureau of Prisons*, 100 Fed. Appx. 773, 776 (10th Cir. June 7, 2004) ("[F]iling an FTCA claim would not exempt [an inmate] from the PLRA exhaustion requirement . . . ."); *Arnett v. Shojaie*, 2011 WL 5434417, at *11 (C.D. Cal. Nov. 8, 2011) ("Plaintiff's contention that his purported federal tort claim satisfied the PLRA's exhaustion requirement . . . plainly lacks merit."); *Watson-El v. Wilson*, 2010 WL 3732127, at *9 n.1 (N.D. Ill. Sept. 15, 2010) ("Fulfillment of the Federal Tort Claims Act's administrative exhaustion requirement does not satisfy the PLRA's exhaustion requirement.") (citations omitted).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. As such, Defendants' motion to dismiss will be granted.

Accordingly,

**IT IS ORDERED** Defendants' Motion to Dismiss **(Doc. 37)** is **GRANTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court is directed to close this case.

DATED this 16th day of March, 2012.

_____
Roslyn O. Silver
Chief United States District Judge